UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

George von Brugger, individually and on behalf
of other similarly situated individuals,

      Plaintiff,

v.                                                  Civil No. 13-05 (JNE/FLN)
                                                  ORDER

Jani-King of Minnesota, Inc., Jani-King, Inc.,
and Jani-King International, Inc.,

      Defendants.

Eric D. Satre, Jones Satre & Weimer, PLLC, appeared for Plaintiff George von Brugger.

Charles F. Knapp and Andrew B. Murphy, Faegre Baker Daniels LLP, appeared for Defendants Jani-King of Minnesota, Inc., Jani-King, Inc., and Jani-King International, Inc.

      This is a putative collective action brought by George von Brugger against Jani-King of Minnesota, Inc., Jani-King, Inc., and Jani-King International, Inc. (collectively, Defendants) under the Fair Labor Standards Act (FLSA). He claimed that he worked for Defendants as an assistant operations manager or operations manager, that Defendants misclassified him as exempt, and that Defendants failed to pay him overtime compensation. He intends to seek certification of a nationwide collective action. The case is before the Court on Defendants' Motion to Transfer Venue. For the reasons set forth below, the Court grants the motion.

                                              **I.      BACKGROUND**

      According to Donald Burleson, Jani-King International's executive vice president, Jani-King International "is in the business of developing intellectual property and other proprietary methods that are licensed to franchise owners who wish to run a commercial cleaning franchised business." Jani-King, Inc., a wholly-owned subsidiary of Jani-King International, operates as a

holding company of 19 "affiliate" corporations.  Each is a wholly-owned subsidiary of Jani-King, Inc., each operates within a designated region of the United States, and each is responsible for selling and supporting franchises within its designated region.  Jani-King of Minnesota is one of the affiliate corporations.  Each of the named defendants, as well as the remaining 18 affiliate corporations, is incorporated by and headquartered in Texas.  The affiliate corporations directly employ the operations managers and assistant operations managers.  Approximately 133 individuals worked as operations managers or assistant operations managers for the 19 affiliate corporations during the three years before Brugger brought this action.

According to Brugger, he worked for Defendants from 1996 to 2012, most recently as an assistant operations manager or an operations manager.  He asserted that the FLSA requires Defendants to compensate non-exempt employees at a rate of at least 1.5 times the regular rate of pay for work performed in excess of 40 hours per week, that Defendants intentionally misclassified him as exempt and paid him as a salaried employee, that he worked more than 40 hours per week, and that Defendants failed to pay him overtime compensation.  Brugger brought the action on behalf of himself and "[a]ll persons who worked as Assistant Operations Managers or Operations Managers or similar job titles for Defendants at any time three years prior to the date this Complaint is filed through the present."  Brugger did not limit this action to individuals who were employed by Jani-King of Minnesota.  Instead, he will seek certification of a nationwide collective action.

## II.    DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a) (2006 & Supp. V 2011).  In deciding a motion to transfer venue, a

district court is not limited to consideration of the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* Relevant factors may include the accessibility to records and documents, the location where the conduct complained of occurred, the applicability of each forum state's substantive law, judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Id.* at 696. "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695.

Defendants moved to transfer this action to the United States District Court for the Northern District of Texas. Brugger did not contest that this action could have been brought there.

Brugger, a resident of Minnesota, brought this action against three Texas corporations whose headquarters are in Texas. He named only one of the affiliate corporations as a defendant, but he will seek certification of a nationwide collective action. A nationwide collective action will likely require the presence of the remaining affiliate corporations as defendants. *Cf. Teed v. Thomas & Betts Power Solutions, L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013) ("[A] parent corporation is not liable for violations of the Fair Labor Standards Act by its subsidiary unless it exercises significant authority over the subsidiary's employment practices."); *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012) (discussing

3

factors to consider when faced with a question of joint employment under the FLSA). According to Defendants, the remaining affiliate corporations are not subject to personal jurisdiction in the District of Minnesota, but they are subject to personal jurisdiction in the Northern District of Texas. Given Brugger's pursuit of a nationwide collective action, his characterization of the remaining affiliate corporations as "sham" defendants is dubious; he himself named Jani-King of Minnesota as a defendant. If this case proceeds as a collective action, the Northern District of Texas seems the only appropriate venue. In this Court's view, that district—not the District of Minnesota—should decide whether to certify this putative collective action. *See Webb v. Settoon Towing, LLC*, Civil Action No. 3-12-143, 2012 WL 5967962, at *4 (S.D. Tex. Nov. 28, 2012) ("It makes more sense to treat the case as pleaded and determine the venue issue at the outset. This approach also ensures that the court that would have to try a collective suit is the one making the certification decisions, which turn in part on manageability issues.").

Of the more than 130 current or former assistant operations managers or operations managers of the affiliate corporations, 5 work or worked for Jani-King of Minnesota. A substantial number of the potential opt-in plaintiffs work or worked for affiliate corporations located in the northeastern United States or in California. The remaining potential opt-in plaintiffs work or worked for affiliate corporations located in Colorado, Florida, Michigan, Missouri, New Mexico, Oklahoma, Texas, and Nevada. The geographical distribution of the potential opt-in plaintiffs tempers the deference that would ordinarily be due Brugger's choice of forum. *See Espencheid v. DirectSat USA, LLC*, 708 F. Supp. 2d 781, 787 (W.D. Wis. 2010).

The limited information about potential witnesses that is available reveals that the witnesses who will provide essential testimony are located in Texas. Brugger identified several individuals located in Minnesota who he expects will testify about his daily activities and the

contacts between Jani-King of Minnesota and the parent companies. Defendants identified several individuals who reside in Texas and are expected to testify about the policies and guidelines that affect all of the affiliate corporations. The scope of Brugger's claims—a nationwide putative collective action—and Brugger's assertion that the parent companies "micro-managed" Jani-King of Minnesota indicate that witnesses in Texas will provide critical testimony in this case. *See Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 255-56 (E.D.N.Y. 2010).

Similarly, although Brugger maintained his employment records in Minnesota, documents related to the assistant operations managers and operations managers are located in Texas. "While electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, [the Northern District of Texas] would prove more convenient." *In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010).

The Court acknowledges Brugger's assertions that he "could not afford to bring a case in Texas," that he "could not afford to travel [to Texas] at this time," and that he has not been employed since his termination in August 2012. A court may consider the relative means of the parties when considering a motion to transfer venue. A party who opposes a transfer on the ground of financial hardship must substantiate the claim. *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 338 (S.D.N.Y. 2010). Here, the Court does not doubt that Defendants' finances are stronger than Brugger's finances, but Brugger has not substantiated his assertion that he would be financially incapable of pursuing this litigation in Texas.

For the convenience of parties and witnesses, in the interest of justice, the Court transfers this action to the Northern District of Texas. If a nationwide collective action is ultimately not

certified, Brugger did not articulate any reason why he could not make a motion to transfer venue.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Transfer Venue [Docket No. 18] is GRANTED.

2. This action is TRANSFERRED to the United States District Court for the Northern District of Texas.

3. The Clerk of Court is directed to effect the transfer.

Dated:  May 28, 2013

                                                s/Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge